**FILED**
DEC 19 2005
EUGENE R. WEDOFF
BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: )
)
) Case No. 04 B 8748
**JOSEPH S. BEALE,** )
)
)
) Chapter 7
Debtor. )

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO McGUIRE WOODS, ATTORNEYS FOR ANDREW MAXWELL, TRUSTEE, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $1,552,066.50 | TOTAL COSTS REQUESTED: | $33,169.60 |
| TOTAL FEES REDUCED: | $18,645.90 | TOTAL COSTS REDUCED: | $58.83 |
| TOTAL FEES ALLOWED: | $1,533,420.60 | TOTAL COSTS ALLOWED: | $33,110.77 |

**TOTAL FEES AND COSTS ALLOWED: $1,566,531.37**

THE COURT HAS UNDERLINED THE ATTACHED TIME AND EXPENSE ENTRIES THAT HAVE BEEN DISALLOWED IN WHOLE OR IN PART. THE NUMERICAL NOTATION THAT APPEARS ON THE RIGHT SIDE OF EACH HIGHLIGHTED ENTRY DISCLOSES THE BASIS FOR EACH DISALLOWANCE. THE NUMERICAL NOTATIONS REFER TO THE ENUMERATED PARAGRAPHS BELOW.

(1)   **Improper Allocation of Professional Resources**
The Court denies the allowance in part of compensation for the following task since a professional with a lower level of skill and experience or a paraprofessional could have performed the task. *In re Pettibone*, 74 B.R. 293, 303 (Bankr. N.D. Ill. 1987) ("Senior partner rates will be paid only for work that warrants the attention of a senior partner. A senior partner who spends time reviewing documents or doing research a beginning associate could do will be paid at a rate of a beginning associate. [Citation omitted]. Similarly, non-legal work performed by a lawyer which could have been performed by less costly non-legal employees should command a lesser rate."); *In re Wildman*, 72 B.R. 700, 710 (Bankr. N.D. Ill. 1987) (same); *In re Alberto*, 121 B.R. 531, 535 (Bankr. N.D. Ill. 1990) (determining use of partner appropriate where attendant complex legal issues warrant highly experienced practitioner).

(2)   **Unreasonable Time**
The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone*, 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project...An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate." *In re Wildman*, 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

(3)   **Reimbursement Limited to Actual, Necessary Expenses**
The Court denies the allowance of reimbursement for expenses that were not actually and necessarily incurred by the applicant. See 11 U.S.C.§§330(a)(1)(B) & 331. The fee application fails to demonstrate that the requested expenses for photocopies or facsimiles (or both) were actual out-of-pocket disbursements and that the

quoted rates were necessary in light of prevailing (and lower) commercial rates. In the absence of such proof, the Court will allow reimbursement of photocopy expenses at a rate of $.10 per page in accordance with prevailing commercial rates and will not allow expenses for facsimiles.

(6)    **Meal Expenses**

The Court denies the allowance of reimbursement of this meal expense. *In re Covent Guardian Corp.*, 103 B.R. 937, 942 (Bankr. N.D. Ill. 1989) ("[I]t is highly unlikely that counsel could prove that the meal expenses were reasonably necessary for the proper representation of the debtor . . . If the attorney were not working on the case, he would still have to eat. Accordingly, the Court finds that, except in very limited circumstances, local meals are not reasonably necessary for the proper representation of the client.").

(7)    **Lumping**

The Court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

(11)    **Overhead Costs are Non-Compensable**

The Court denies reimbursement for fees or expenses that are overhead costs. Expenses that are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985)). Absent extraordinary circumstances, the court will not reimburse an applicant for local parking and transportation at the estate's expense. *See In re Convent Guardian Corp.*, 103 B.R. 937, 940-944 (Bankr. N.D. Ill. 1989).

Dated: Dec. 19, 2005

Eugene R. Wedoff
United States Bankruptcy Judge