UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | Case No: 04 B 08748 |
| Joseph S. Beale | ) | |
| | ) | Honorable Bruce W. Black |
| Debtor, | ) | |
| | ) | |

**Findings of Fact and Conclusions of Law in Support of Order Awarding to Andrew J. Maxwell and Maxwell Law Group, LLC, Attorneys for the Trustee, for Allowance and Payment of Interim and Final Compensation and Reimbursement of Expenses.**

| | | | |
|---|---|---|---|
| Total Fees Requested: | $41,000.00 (reduced request) | Total Costs Requested: | $784.00 |
| Fees Disallowed: | $ 1,818.00 | Costs Disallowed: | $155.25 |
| Total Fees Allowed: | $39,182.00 | Total Costs Allowed: | $628.75 |

Total Fees and Costs Allowed:     $39,810.75

THE COURT HAS IDENTIFIED THE BELOW NOTED TIME AND EXPENSE ENTRIES
THAT HAVE BEEN DISALLOWED IN WHOLE OR IN PART

**(1)     Reimbursement Limited to Actual, Necessary Expenses**
    The Court denies the allowance of reimbursement for expenses that were not actually and necessarily incurred by the applicant. *See* 11 U.S.C.§§330(a)(1)(B) & 331. The fee application fails to demonstrate that the requested expenses for photocopies or facsimiles (or both) were actual out-of-pocket disbursements and that the quoted rates were necessary in light of prevailing (and lower) commercial rates. In the absence of such proof, the Court will allow reimbursement of photocopy expenses at a rate of $.10 per page in accordance with prevailing commercial rates and will not allow expenses for facsimiles:

        Fax charges                                        $   132.75

**(2)     Trustee Work Can Not Be Compensated As Professional Services**
    "The Trustee cannot effectively expand the maximum limits of Section 326(a) by hiring other people to perform his duties for him, whether they are paralegals, attorneys, accountants or other professional persons, and utilize the potentially unlimited scope of Section 330 as a basis for award of reasonable compensation."*Boldt v. United States Trustee (In re Jenkins),* 130 F.3d 1335, 1341 (9th Cir. 1997) (quoting *In re Prairie Cent. Ry. Co.,* 87 B.R. 952, 959 (Bankr. N.D. Ill. 1988):

        Charges related to employment of professionals        $ 1,818.00

1

**(3)      Overhead Costs are Non-Compensable**

The Court denies reimbursement for fees or expenses that are overhead costs. Expenses that are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985)). Absent extraordinary circumstances, the court will not reimburse an applicant for local parking and transportation at the estate's expense. *See In re Convent Guardian Corp.*, 103 B.R. 937, 940-944 (Bankr. N.D. Ill. 1989).

Cab Fare Charges                                    $    22.50

**Andrew J. Maxwell and Maxwell Law Group, LLC** is hereby awarded an allowance of interim compensation and expenses as set forth above as a Chapter 7 administrative expense, and such award is confirmed as final. The trustee is authorized to make payment of the compensation and reimbursement of expenses out of funds of the estate.

Dated:  _12/17/14_

Entered:

Bruce W. Black
United States Bankruptcy Court